See as to open commission, Parker·*v.* Lithgoe, 59 Hun, 624 ; Gilpin *v.* Daly, Id. 413; Clark *v.* Sullivan, 55 Id. 604; Beadleston *v.* Beadleston, 50 Id. 603; Kiefer *v.* Grand Trunk R. Co. 45 N. Y. St. Rep. 708; Kaempfer *v.* Gorman, 63 Hun, 631.

---

LUDWICK H. CARTER, Appellant, *v.* WILLIAMS STEVENS,. Respondent.

*Supreme Court, Fifth Department, General Term,.December 30,* 1889.

1. *Constable. Levy.*—A constable so long as he is indemnified by the creditor has no right to deliver to the claimants the property on which he has levied.
2. *Same.*—A judgment, entered by a claimant against the constable for the return of the property, upon an offer to that effect, which was induced by his arrest, and promise of release therefrom, without the knowledge of the creditors or his attorneys, will be set aside on motion.

Appeal from an order of the special term in Cattaraugus county, entered May 17, 1886, setting aside a judgment taken by the plaintiff against the defendant for the recovery of certain articles of personal property.

*Henderson & Wentworth,* for appellant.

*Ansley & Davie,* for respondent.

MACOMBER, J.—In the month of March, 1884, one George Carnahan procured a judgment before a justice of the peace against Delos Carnahan, upon which an execution was delivered to the defendant, as constable, for the collection of the amount thereof.

The defendant levied upon certain personal property in the possession of the judgment debtor. The plaintiff, claim-

ing to own such property so levied upon, began this action to recover the possession thereof, and at the instance of the judgment creditor an answer was interposed and an issue joined thereon. This defendant was indemnified by the judgment creditor against all loss and expense on account of such levy and suit.

Shortly before the cause came on for trial at the circuit the defendant, who had been placed in jail as a disorderly person at the instance of the plaintiff, did, under a promise that the plaintiff would secure his release, make an offer of judgment for the return to the plaintiff of the personal property thus levied upon. In pursuance of such written offer, judgment was finally entered, awarding the property to the plaintiff. This was done without the knowledge either of the real party in interest, Carnahan, or of the attorneys of record of the nominal defendant. The motion to set aside such judgment and transfer of property was promptly made, and, in our opinion, was properly granted at the special term. A condition of the order was inserted to the effect that Carnahan should indemnify the defendant against all costs or damages that might be recovered against him by reason of further prosecution of the action.

This defendant, in levying upon the personal property in order to make the amount of the execution, was the agent of the judgment creditor, and he had no right, so long as he was indemnified by his principal, to turn the property over to the claimants.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

BARKER, P. J., and DWIGHT, J., concur.

---

NOTE.

As to liability of constable, see Sutherland *v.* McKinney, 18 Civ. Pro. 216; Hunt *v.* Barry, 16 Id. 362; Hampton *v.* Boylan, 10 N. Y. St. Rep. 788; Blakely *v.* Weaver, Id. 793; Jones *v.* Newman, 36 Hun, 634; People *ex rel.* Comstock *v.* Lucas, 93 N. Y. 585; Van Curen *v.* Switzer, 33 N. Y. St. Rep. 733; Howe *v.* Oyer, 50 Hun, 569; Nowak *v.* Waller, 56 Id. 647.